**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

STELLA HILLS                                                                 PLAINTIFF
ADC #704612

V.                                    NO: 1:15CV00006 BSM/JWC

ARKANSAS, STATE OF *et al.*                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following partial recommended disposition has been sent to Chief United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Stella Hills, an inmate at the Arkansas Department of Correct's McPherson Unit, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on January 12, 2015.

### I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

1

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff's complaint, she has been denied adequate medical care and food, and has been held in a cold environment.  Liberally construing her complaint, she has, for screening purposes, stated a claim for relief against Defendants Houston and Worsham.  However, Plaintiff's claims against the State of Arkansas are barred by the doctrine of sovereign immunity, and should be dismissed.  *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989)

## III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT Plaintiff's claims against the State of

Arkansas be DISMISSED WITH PREJUDICE, and the State of Arkansas be removed as a party

Defendant.

DATED this 20th day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE